IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YUCCA APARTMENTS, et al.,

    Plaintiff,

v.              CIV 06-118 MV/WPL

EVAN MILLER,

    Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

  **THIS MATTER** is before the Court on documents filed in response to Magistrate Judge Karen Molzen's order to show cause why this action should not be dismissed for lack of jurisdiction or improper venue.[1]  *See* Order to Show Cause, [Doc. No. 5].  Defendant Evan Miller removed this action from landlord/tenant proceedings instituted by Yucca Apartments c/o James Wellman in Moon Valley Justice Court in Maricopa County in Arizona.  Subsequently Charles Everitt, Defendant's alleged business partner, was substituted as the plaintiff in the state proceedings.  Everitt is represented by Andrew Hull, the same attorney who represents Yucca Apartments and Wellman.  Hull appeared on behalf of Everitt in this case and indicates in his response that Everitt should be substituted in this case as well.  *See* Response of Charles Everitt, [Doc. No. 7].

  The plaintiffs in the Arizona state proceedings filed a complaint against Miller for unpaid rent and wrongful possession of a specified address on Cholla Street.  *See* Notice of Removal,

---

  [1] This Court agrees with Magistrate Judge Molzen that venue in New Mexico is improper.  *See* Order to Show Cause, [Doc. No. 5], at p. 1.  Because the Court finds that it does not have subject matter jurisdiction, however, it need not reach the venue question.

[Doc. No. 1] (last three attachments).  The state court records are not before the Court, but Hull indicates that default judgment was entered against Miller, the Arizona court denied Miller's motion to set aside the default, and no timely notice of appeal was filed.  *See* Response of Charles Everitt, [Doc. No. 7].

Miller challenges the validity of the state court's decision on the motion to set aside the default, arguing that Everitt/Wellman could not evict him because he holds an equitable 50% in the property.  His rendition of the facts indicates that the default issued in January 2006, with the decision whether to set it aside occurring later.  *See* Response by Evan Miller, [Doc. No. 8], at 3-4.  The writ issued by the Moon Valley Justice Court, though somewhat illegible, was clearly issued in February 2006.  It was served on February 8, 2006, and authorized the sheriff to remove Miller from the premises.  *See* Notice of Removal, [Doc. No. 1] (last three attachments).

Two days after the writ was served, Miller filed his removal petition here.  *Id.*  He asks this Court to issue injunctive relief to prevent the state plaintiffs from engaging in any efforts that will actually or constructively evict him from the premises.[2]  Miller also seeks an award of more than one million dollars on the grounds that the state proceedings constitute a conspiracy that permitted his rightful property to be stolen from him.

Miller asks that this removed action be heard in the District of New Mexico, or in the alternative, transferred and consolidated with an action in the federal district court for the district

---

[2]  It is not clear whether Miller has actually been evicted from the property.  In his latest pleading, he states that he left on his own initiative, is homeless, and had valuable personal possessions stolen from the property.  *Doc. 8* at 3.  On the other hand, his certificate dated March 11, 2006, shows his address as the same address subject to the eviction proceedings.  *Doc. 6.*  A May 12, 2006 entry on the docket, however,  indicates that a letter presumably mailed to Miller at the residence subject to the eviction proceedings was returned.  Miller has not notified this Court of any change of address as is required by D.N.M.LR-Civ. 83.6.

2

of Arizona.  Contrary to Miller's representation that he also filed suit in the "United States

District Court in Arizona" on March 21, 2006, PACER records do not reflect any such case.

In essence, Miller seeks appellate review over the state decision returning possession of

the property to others.  The *Rooker-Feldman* doctrine, however, prohibits a lower federal court

from "effectively exercising appellate jurisdiction over claims actually decided by a state court,

and claims inextricably intertwined with a prior state-court judgment."[3]  *Mo's Express, LLC v.*

*Sopkin,* 441 F.3d 1229 (10th Cir. 2006) (quotations omitted).   Under the *Rooker-Feldman*

doctrine, a lower federal court must dismiss without prejudice any claims "brought by state-court

losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-

22 (2005).

In determining whether an action presents a case "inextricably intertwined" with the state

court judgment, "we must ask whether the injury alleged by the federal plaintiff resulted from the

state court judgment itself or is distinct from that judgment." *Kenmen Eng'g v. City of Union*, 314

F.3d 468, 476 (10th Cir. 2002) (quotation omitted).  "In other words, we approach the question

by asking whether the state-court judgment caused, actually and proximately, the injury for which

the federal-court plaintiff seeks redress.  If it did, *Rooker-Feldman* deprives the federal court of

jurisdiction." *Id.* (emphasis omitted).  Plaintiff's complaint runs afoul of *Rooker-Feldman* both

because it asks a federal court to consider claims actually decided by the Arizona court and

---

[3]  The doctrine takes its name from the seminal decisions in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

because it includes claims inextricably intertwined with the state court decision rejecting his

submissions to set aside the default.

**IT IS HEREBY ORDERED** that this action is dismissed without prejudice pursuant to

Fed. R. Civ. P. 12(b)(1) for lack of federal subject matter jurisdiction.

Dated this 28th day of June, 2006.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
     No appearance entered

Attorney for Defendant:
     Evan Miller,  *Pro Se*